Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

_____ Division

|  |  |  |
|---|---|---|
| Malik . E . DeLeon | ) | Case No. 1:21-CV-0289 |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
|  | ) | |
|  | ) | |
| See Attached | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.  Do not include addresses here.)* | ) | |

FILED
SCRANTON
FEB 17 2021
PER
DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

# Defendants

1. Robert Marsh.

2. Shaw.

3. Baumgardner.

4. JL. Adams.

5. ☺Brant.

6. J. Breeden.

7. A. Smith.

8. Kelly Kephart.

9. Stewart Ackerman.

10. Kollman.

11. Hoffman.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name       Malik E DeLeon

All other names by which
you have been known:

ID Number      NH-9269

Current Institution      SCI Benner Township

Address      301 Institutional Drive

Bellefonte      PA      16823

     *City*         *State*         *Zip Code*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name      Robert Marsh

Job or Title *(if known)*      Superintendent/warden

Shield Number

Employer      State correctional institution Benner Township

Address      301 Institutional Drive

Bellefonte      PA      16823

     *City*         *State*         *Zip Code*

☒ Individual capacity   ☒ Official capacity

Defendant No. 2

Name      Hoffman

Job or Title *(if known)*      Security captain

Shield Number

Employer      State correctional institution Benner Township

Address      301 Institutional Drive

Bellefonte      PA      16823

     *City*         *State*         *Zip Code*

☒ Individual capacity   ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**

Name — Shaw

Job or Title *(if known)* — Lieutenant

Shield Number

Employer — State correctional institution Benner Township

Address — 301 Institutional Drive

Bellefonte PA 16823

    *City*    *State*    *Zip Code*

☒ Individual capacity    ☒ Official capacity

**Defendant No. 4**

Name — Baumgardner

Job or Title *(if known)* — Sergeant

Shield Number

Employer — State correctional institution Benner Township

Address — 301 Institutional Drive

Bellefonte PA 16823

    *City*    *State*    *Zip Code*

☒ Individual capacity    ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth Amendment. excessive force/cruel and unusual punishment medical negligence/denial treatment

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## Defendants continued

Defendant No. 5

Name: JL Adams

Job or Title: corrections officer

Shield Number: _____

Employer: state correctional institution, Benner Township

Address: 301 Institutional Drive

Bellefonte   PA   16823
City    State    Zip code

☒ Individual capacity   ☒ official capacity


Defendant No. 6

Name: Brant

Job or Title: corrections officer

Shield Number: _____

Employer: state correctional institution, Benner Township

Address: 301 Institutional Drive

Bellefonte   PA   16823
City    State    zip code

☒ Individual capacity   ☒ official capacity


Defendant No. 7

Name: J. Breeden

Job or Title: corrections officer

Shield Number: _____

Employer: state correctional institution, Benner Township

Address: 301 Institutional Drive

Bellefonte   PA   16823
City    state    zip code

☒ Individual capacity   ☒ official capacity

The Bodie's Deaths Complaint

## <u>Defendants continued</u>

Defendant No. 8
Name     <u>A. Smith</u>

Job or Title     <u>Corrections officer</u>

Shield Number     —————

Employer     <u>State correctional institution, Benner Township</u>

Address     <u>301 Institutional Drive</u>

<u>Bellefonte</u>    <u>PA</u>    <u>16823</u>
     City      State     Zip code

☒ Individual capacity ☒ official capacity

Defendant No. 9
Name     <u>Kollman</u>

Job or Title     <u>Corrections Medical Doctor (MD)</u>

Shield Number

Employer     <u>State correctional institution, Benner Township</u>

Address     <u>301 Institutional Drive</u>

<u>Bellefonte</u>    <u>PA</u>    <u>16823</u>
     City      State     Zip code

☒ Individual capacity ☒ official capacity

Defendant No. 10
Name     <u>stewart Ackerman</u>

Job or Title     <u>Physician Assistant (PA)</u>

Shield Number

Employer     <u>State correctional institution, Benner Township</u>

Address     <u>301 Institutional Drive</u>

<u>Bellefonte</u>    <u>PA</u>    <u>16823</u>
     City      State     Zip code

☒ Individual capacity ☒ official capacity

Defendant No. 11
Name     <u>Kelly Kephart</u>

Job or Title     <u>License Practical Nurse (LPN)</u>

Shield Number

Employer     <u>State correctional institution, Benner Township</u>

Address     <u>301 Institutional Drive</u>

<u>Bellefonte</u>    <u>PA</u>    <u>16823</u>
     City      State     Zip code

☒ Individual capacity ☒ official capacity

<u>Basis for Jurisdiction continued</u>

D.

1. Robert Marsh, is the Superintendent/Warden of Benner Township He is legally responsible for the operation of Benner Township and the welfare of all the inmates in that prison. He acted under color of state law by failing to properly train and screen staff/failed to remedy the wrong.

2. Hoffman, is a correctional officer of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held the rank of security captain and was assigned to Benner Township. He did not investigate.

3. Shaw, was a correctional officer of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held the rank of Lieutenant and was assigned to Benner Township. He acted under color of state law by failing to act or intervene.

4. Baumgardner, is a correctional officer of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held the rank of Sergeant and was assigned to Benner Township. He acted under color of State law by failing to act or intervene.

5. JL. Adams, is a correctional officer of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held the rank of correctional officer and was assigned to Benner Township. He acted under color of state law by use of excessive force.

6. Brant, is a correctional officer of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held the rank of correctional officer and was assigned to Benner Township. He acted under color of state law by use of excessive force.

7. J. Breeden is a correctional officer of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held the rank of correctional officer and was assigned to Benner Township. Upon information and belief acted under color of state law by assisting in the use of excessive force or failing to act or intervene.

D. continued

8. A. Smith, is a correctional officer of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held rank of corrections officer and was assigned to Benner Township. Upon information and belief acted under color of State law by assisting in the use of excessive force or filing to act or intervene.

9. Kelly Kephart was a License Practical Nurse of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held rank of License Practical Nurse and was assigned to Benner Township. She acted under color of State law by failing to provide medical treatment or failure to act.

10. Stewart Ackerman was a Physician Assistant of the Pennsylvania Department of Corrections who, at all times mentioned in the complaint held rank of Physician Assistant and was assigned to Benner Township. He acted under color of state law by failing to get proper approval for the injection or medical Negligence.

11. Kollman is a Medical Doctor of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint held rank of Medical Doctor and was assigned to Benner Township. He acted under color of State law by failure to provide outside medical treatment from an outside physician when requested.

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*See Attached*

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

I was housed in the Restricted Housing unit (RHU) at the State Correctional Institution Benner Township on J-Block A-Pod in cell 2021.

## STATEMENT OF CLAIM CONTINUED.

D.

(1). On May 22, 2019 while in the Restricted Housing Unit (RHU); at time approx 11:15 am to 12:15 pm the following officers came to my cell. Shaw, Baumgardner, Adams, Brant, and Breeden. Upon information and belief officer Smith, was with them to, place me on a 109 restriction for allegedly having my bunk covered. I then asked to speak with the Lieutenant. LT. Shaw came to my door and, I asked why are my things being taken and, that I did nothing wrong to have them taken.

(2). He said I didn't know I'm going off of what my officers told me so cuff up. so we can come in and get your things. I stated: "they can have everything, but let me keep my legal work; because I was working on my P.C.R.A. and had a (20 day dead line)". LT. Shaw stated. "he didn't care they're taking everything."

(3). I ask to speak with a psych Doctor (MR. Hall) who came and, I told him "I didn't feel safe and that I thought they were gonna hurt me." He told them to place me in the Psychiatric observation cell (P.o.c.). I then stripped out into a smock (a suicidal one)

(4). I stated to (LT. Shaw) that "I didn't feel safe with officer Adams." He stated "don't worry my staff are professional and to just follow the orders of officer Brant". I then cuffed up and waited for the door to open. Once it was open. I waited until officer Brant said step out with my back to him and I stepped out. Officer Brant grabbed my left arm. Then officer Adams forceably grabbed my right arm pulling me towards him and the top of the steps.

(5). As we began to walk to go down the steps  I looked to my right to see who who was on the door and I was forcefully slammed to the wall, with my face and head hitting it breaking my glasses. I reiterate that this was done by officers "Adams" and "Brant" cameras on the unit on may 22, 2019 will show that I was not resisting. I was then slammed to the floor having officer Adams pressing on my head saying. "This is what you get for running your mouth". while having my hands and; legs twisted up to cause pain. Upon information and belief I believe the officers doing so was in fact officer Breeden and officer Smith, as officer Sergeant. Baumgardner and Lieutenant Shaw watched instead of stopping it. I was then ordered to wear a face mask. Because LT. Shaw stated it was "for my safety and theirs". He then ordered ankle cuffs. I was then placed in a camera cell with no running water to clean my injuries or mattress to sleep on for several hours!.

(5). Continued.

Inmate Gillette Gw-4790 witnessed this happen as well as the block camera on (J-block A-Pod) that was asked to be preserved.

(6). Approx time between 8:00 Pm and 9:00 Pm that night, License Practical Nurse (LPN) kelly kephart came around to give out night time medication. When she got to my cell (which was 1024 on J-block A-Pod) a camera cell I stuck my hand in the tray slot and, showed her that I need at least band-aids, perhaps some ice and ointment for the gash on my left hand. It was still open and bleeding. I also complained about the swelling and bruising on my head and face. However she denied me medical treatment. As required by Policy her exact words were: "No I can not give you anything. Im doing Pill line not treatment line". I asked can she bring them back after she's done. She stated "No" hopefully you will see the Doctor tomorrow. She then left my door without returning.

(7). I was then given a (falsely written) misconduct report. The misconduct was served 24 hours later. I would also like to add in addition for the record, that it was also written by officer Adams.

(8). Following that assault and medical negligence, I was released from the restricted housing unit (RHu) on July 20, 2019. On July 23, 2019 after complaining about still having pain along with tingling and numbness in my hand. I was seen by Physician Assistant (PA) stewart Ackerman. He then gave me an injection in my left hand that was suppose to stop the pain because he stated the "tingling and numbness was my nerve" unfortunately ▓▓▓▓▓▓ it did not alleviate the complaint instead it left me with skin Pigmentation in between my Pointer and middle finger and the back of my hand.

(9). On December 24, 2019 I seen medical Doctor. (MD) MR. Kollman. For both the Pain and skin Pigmentation alongwith the tingling sensation as described P.A. stewart Ackerman as "Nerves". I then requested to be seen by an outside Physician to have medical tests done, such as an MRI and a Nerve conduction study. Unfortunately MD. Doctor Kollman denied it and refused to let me see an outside Physician who can help.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

On May 22, 2019 Time approximately 11:00 am to 1:00 PM.

On May 22, 2019 Approximate time 8:00 PM to 9:00 PM.

On July 23, 2019 Time approximately 9:00 AM to 4:00 PM

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I sustained a swollen and bruised forehead and swollen left side of face. Bruised Knees as well as a Gash in my left hand. Nerve damage and Arthritis in my left hand for the Gash injury. I received Pain medications and cream/ointment and an injection in my hand that caused me to have Skin Pigmentation on my hand.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1). (250,000.00) in compensatory damages for Pain and suffering.

2). (200,000.00) in Punitive damages for the Physical harm the officers caused.

3). As well as any further damages as this court may deem Just and Proper under the circumstances.

4). Jury Trial.

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

State correctional Institution(SCI) Benner Township

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

SCI Benner Township to the Grievance Coordinator

2.    What did you claim in your grievance?

1. Eighth Amendment violation, Excessive force
2. Eighth Amendment violation, failure to act
3. Eighth amendment violation, Medical Malpractice/Negligence

3.    What was the result, if any?

All grievance's was denied.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

I appealed all the way to the highest level and all of the appeals was denied.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

 

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

 

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

 

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

 

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.   Parties to the previous lawsuit

        Plaintiff(s) _____

        Defendant(s) _____

    2.   Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.   Docket or index number

        _____

    4.   Name of Judge assigned to your case

        _____

    5.   Approximate date of filing lawsuit

        _____

    6.   Is the case still pending?

        ☐ Yes

        ☐ No

        If no, give the approximate date of disposition. _____

    7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   2-7-2021

Signature of Plaintiff   *Malik DeLeon*
Printed Name of Plaintiff   malik DeLeon
Prison Identification #   NH 9269
Prison Address   301 Institutional Drive
Bellefonte          PA          16823
City          State          Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Address   _____
City          State          Zip Code
Telephone Number   _____
E-mail Address   _____

Legal Mail

Smart communications/PA DOC
SCIT - Cool Township
Malik DeLeon #NH9669
P.O. Box 33028
St. Petersburg, FL 33733

INMATE MAIL
PA DEPT OF
CORRECTIONS




RECEIVED
SCRANTON

FEB 17 2021

PER _____
(illegible)
DEPUTY CLERK

U.S. District Court Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA 18501