## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK E. DELEON,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-cv-289** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **LT. SHAW,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 that is before the court on Plaintiff's motions for summary judgment. For the reasons that follow, the motions will be denied.

## I.    BACKGROUND

*Pro se* Plaintiff Malik E. DeLeon ("DeLeon"), an inmate in the Coal Township State Correctional Institution ("SCI-Coal Township") who was incarcerated in the Benner Township State Correctional Institution ("SCI-Benner Township") at all relevant times, initiated this case through the filing of a civil rights complaint under 42 U.S.C. § 1983 on February 17, 2021. (Doc. No. 1.) The case is currently proceeding on DeLeon's amended complaint, filed on December 7, 2021. (Doc. No. 54.) The amended complaint alleges generally that Defendants Adams and Brant assaulted DeLeon during an incident outside of his cell on May 22, 2019, and that Defendants Shaw, Baumgardner, and Breeden failed to intervene to protect DeLeon from the assault. (*Id.*) The amended complaint

further alleges that after the assault, DeLeon was placed in a cell with no mattress or running water for several hours and denied medical care. (*Id.*) The amended complaint asserts claims for excessive force and failure to intervene against Defendants Shaw, Baumgardner, Adams, Brant, Breeden, Smith, Marsh, and Hoffman and claims for deliberate indifference to a serious medical need and malpractice against Defendants Kephart, Ackerman, and Kollman. (*Id.*)

On July 11, 2022, the court granted Defendants' motions to dismiss, dismissed the claims against Defendants Kephart, Ackerman, Kollman, Marsh, and Hoffman without prejudice, and granted DeLeon leave to file a second amended complaint. (Doc. Nos. 91-92.) After DeLeon subsequently elected not to file a second amended complaint, the court dismissed the claims against Kephart, Ackerman, Kollman, Marsh, and Hoffman without further leave to amend and allowed the case to proceed solely as to DeLeon's claims against Defendants Shaw, Baumgardner, Adams, Brant, and Breeden. (Doc. No. 100.) Defendants[1] then answered DeLeon's amended complaint on October 4, 2022. (Doc. No. 101.)

DeLeon moved for summary judgment on March 3, 2023, and filed a brief in support of the motion and a statement of material facts on the same day. (Doc. Nos. 109-11.) Defendants did not respond to the motion within twenty-one days as

---

[1] Given that all other Defendants have been dismissed, the court will refer to Shaw, Baumgardner, Adams, Brant, and Breeden as "Defendants" throughout the remainder of this opinion.

required by Local Rule 56.1. This failure to respond prompted DeLeon to file a second motion for summary judgment on August 3, 2023, and motions to "time bar" Defendants on September 14, 2023 and October 17, 2023. (Doc. Nos. 115, 118-19.) In all three of these motions, DeLeon appears to seek entry of summary judgment based exclusively on Defendants' failure to respond to his original motion for summary judgment. (*See* Doc. Nos. 115, 118-19.)

Defendants filed a brief in opposition to DeLeon's original summary judgment motion and a response to his statement of material facts on November 3, 2023, eight months after the filing of the motion. (*See* Doc. Nos. 121-22.) Defendants did not move at any time before or after filing these documents to extend the deadline to respond to Plaintiff's motion or for leave to file the documents *nunc pro tunc*.

## II.     LEGAL STANDARDS

### A.     Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of

material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). When a motion for summary judgment is filed by a party who bears the burden of proof at trial, the moving party must come forward with "credible evidence" that would entitle the party to a "directed verdict if not controverted at trial." *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White*, 826 F.2d at 59. In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.* (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1,

which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried."  If the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted."  M.D. Pa. L.R. 56.1.

## B. Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  *See* 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.*  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated

5

a right, privilege, or immunity secured by the Constitution or laws of the United

States.  *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005).

## III.   PRELIMINARY MATTERS

At the outset, the court will deem all material facts set forth in DeLeon's

statement of material facts admitted for Defendants' failure to comply with the

Local Rules.  Local Rule 56.1 requires a party opposing a motion for summary

judgment to file a "statement of the material facts, responding to the numbered

paragraphs set forth in the statement required [to be filed by the movant], as to

which it is contended that there exists a genuine issue to be tried."  M.D. Pa. L.R.

56.1.   Local Rule 7.6 requires the non-movant's statement to be filed, along with a

brief opposing the motion for summary judgment, "within twenty-one (21) days

after service of the movant's brief."  M.D. Pa. L.R. 7.6.  Failure to file a statement

of material facts in compliance with the Local Rules results in the facts contained

in the movant's statement being deemed admitted.  M.D. Pa. L.R. 56.1.

Here, DeLeon filed his statement of material facts on March 3, 2023, but

Defendants did not file the response required by Local Rule 56.1 until eight

months later, on November 3, 2023.  (*See* Doc. Nos. 111, 122.)  In the brief

accompanying Defendants' response, Defendants' counsel "apologizes to the

Plaintiff and the Court for the delay in responding to this motion."  (Doc. No. 121.)

Missing from this apology, however, is any motion to extend the deadline to

respond to Plaintiff's statement of material facts or any explanation for why it took Defendants eight months to do so.  The court will not excuse a significant violation of the Local Rules based on nothing more than an apology.  Accordingly, the facts stated in DeLeon's statement of material facts will be deemed admitted.  The court will not consider the arguments asserted in Defendants' brief or the factual assertions advanced in their statement of material facts due to their noncompliance with Local Rules 7.6 and 56.1.

The court will not, however, grant DeLeon's motion for summary judgment based solely on Defendants' failure to comply with the Local Rules, as DeLeon seeks in his second motion for summary judgment and motions to "time bar" Defendants.  (*See* Doc. Nos. 115, 118-19.)  Motions ordinarily cannot be granted solely on the basis that they are deemed unopposed under the local rules of a district court.  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).  Under *Stackhouse*, local rules deeming motions unopposed based on nonmovants' failure to timely respond to the motions "should be understood to facilitate the court's disposition of motions rather than to impose a sanction for failure to prosecute or defend."  *Id.*  Thus, in situations where a motion is deemed unopposed pursuant to a local rule, the court should ordinarily analyze the merits of the motion and should not grant the motion solely on the basis that it is unopposed.  *Id.*  The court will accordingly deny DeLeon's second motion for summary judgment and motions to

time bar Defendants and consider DeLeon's first motion for summary judgment on its merits rather than granting it as unopposed pursuant to Local Rule 7.6.

## IV.   STATEMENT OF MATERIAL FACTS[2]

On May 22, 2019, Defendants Adams, Baumgardner, Brant, Breeden, and Shaw came to DeLeon's cell.  (*See* Doc. No. ¶¶ 2, 4, 8, 22.)  During the officers' interaction with DeLeon, Adams pulled DeLeon up by his arm and forced DeLeon to face him.  (*Id.* ¶ 4.)  DeLeon did not physically resist at any point during this interaction.  (*Id.* ¶ 5.)  Defendants Adams and Brant subsequently slammed DeLeon against a wall and then down to the floor, causing his glasses to break. (*See id.* ¶¶ 6-7).  Their actions caused DeLeon to suffer a gash on his left hand and swelling and bruising on his head and face.  (*Id.* ¶ 6.)  DeLeon continues to experience pain and nerve problems in his hands from the assault.  (*Id.* ¶ 26.)

Prior to the use of force by Adams and Brant, DeLeon had informed Defendant Shaw, the lieutenant on duty during the incident, that he was afraid of Adams and felt threatened by him.  (*Id.* ¶ 9.)  Despite this prior knowledge, Shaw allowed Adams to come to DeLeon's cell and did not intervene to stop the use of force.  (*Id.*)  Defendants Baumgardner and Breeden likewise witnessed the use of

---

[2] Unless otherwise noted, this statement of facts is derived from Plaintiff's Rule 56.1 statements of facts.  (*See* Doc. No. 111.)  As noted above, the facts set forth in the statement of material facts are deemed admitted for Defendants' failure to timely respond to the statement as required by Local Rules 56.1 and 7.6.

force and failed to intervene to protect DeLeon.  (*See id.* ¶¶ 2, 8.)

Following the use of force, the Defendants authored an incident report about the interaction, in which they stated that DeLeon turned his head in an apparent attempt to spit on the Defendants, which is what caused the Defendants to slam him to the ground.  (*Id.* ¶ 13.)  DeLeon was cited for misconduct and the issue was referred to a disciplinary hearing officer for a hearing.  (*See id.* ¶¶ 11, 15.)  The hearing examiner prepared a report, which states that DeLeon turned away from the Defendants and attempted to spin from their physical control, which caused them to slam him to the ground to reestablish control of the situation.  (*Id.* ¶ 15.)  Prison staff additionally prepared a summary of the relevant surveillance footage, which states that DeLeon was physically resisting staff as they attempted to escort him to the stairs, which prompted the use of force to regain control over DeLeon. (*Id.*)  DeLeon asserts that these three versions of events provided by prison staff members are inconsistent with each other.  (*See id.* ¶¶ 13-17.)  Deleon additionally asserts that the video evidence supports his version of events.  (*Id.* ¶¶ 19-25).

## V.    DISCUSSION

DeLeon asserts claims for excessive force against the five remaining Defendants.  To establish an excessive force claim, a plaintiff must establish that prison officials used force "maliciously and sadistically for the very purpose of causing harm." *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 193 (3d Cir. 2021)

(quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  Courts must consider

whether force was "applied in a good-faith effort to maintain or restore discipline,

or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7

(1992).  Several factors inform this analysis, including:

> (1) the need for the application of force; (2) the relationship between
> the need and the amount of force that was used; (3) the extent of the
> injury inflicted; (4) the extent of the threat to the safety of staff and
> inmates, as reasonably perceived by responsible officials on the basis
> of facts known to them; and (5) any efforts made to temper the severity
> of the forceful response.

*Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002) (quoting *Brooks v. Kyler*,

204 F.3d 102, 106 (3d Cir. 2000)).

The court finds that DeLeon has not presented sufficient evidence to

establish that he is entitled to summary judgment.  *See Bressman*, 327 F.3d at 237

(noting that plaintiff moving for summary judgment must come forth with

sufficient evidence to show that he would be entitled to a directed verdict if the

evidence were not controverted at trial).  Although the facts admitted in DeLeon's

statement of material facts establish that Defendant Adams physically pulled

DeLeon up by his arm, that DeLeon did not resist during that interaction, and that

Adams and Brant subsequently slammed DeLeon against a wall and down to the

floor, the court cannot conclude as a matter of law that this use of force by

defendants was excessive under the circumstances.  A reasonable finder of fact

could find based on evidence in the record that DeLeon was attempting to spit on

Defendants, that he spun around in an attempt to shake loose from Defendants'
physical control of him, and that he physically resisted as Defendants attempted to
escort him to the stairs, which caused Defendants' actions in slamming him to the
wall and the ground.[3]  DeLeon asserts that the factual accounts given by prison
staff members are inconsistent with one another, (*see* Doc. No. 111 ¶¶ 13-17), but
reaching this conclusion would require the court to weigh the evidence and
determine the truth of the matter, which the court cannot do in resolving a motion
for summary judgment.  *See Anderson*, 477 U.S. at 249 (stating that the court's
duty in deciding a motion for summary judgment is not "to weigh the evidence and
determine the truth of the matter but to determine whether there is a genuine issue
for trial").  Accordingly, the motion for summary judgment will be denied with
respect to the excessive force claim.

Summary judgment will likewise be denied to the extent DeLeon asserts that
Defendants failed to intervene to stop the use of excessive force.  This failure to
intervene claim sounds in deliberate indifference to a risk of harm to DeLeon.  To
prove that defendants were deliberately indifferent to an inmate's health or safety,
a plaintiff must show that (1) he was incarcerated under conditions posing a

---

[3] DeLeon's statement of facts establishes that he did not physically resist when
Defendant Adams physically pulled him up by his arm, but it does not offer any
evidence as to whether DeLeon physically resisted when Defendants were
attempting to escort him to the stairs other than the summary prepared by prison
staff members stating that he was physically resisting.  (*See* Doc. No. 111 ¶ 15.)

substantial risk of serious harm, (2) the defendant was deliberately indifferent to that risk, and (3) the defendant's deliberate indifference caused the plaintiff harm. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)), *abrogated in nonrelevant part as recognized by Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020). The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm." *Beers-Capitol v. Wetzel*, 256 F.3d 120, 132 (3d Cir. 2001). The second element is subjective: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Bistrian*, 696 F.3d at 367 (quoting *Beers-Capitol*, 256 F.3d at 125). When the plaintiff's claim is based on the risk of an assault by another inmate, the plaintiff must show that defendants were aware of a risk that the other inmate would assault the plaintiff specifically, and not simply inmates generally. *Id.* at 371.

As noted above, there is a genuine issue of material fact as to whether the force Defendants used was excessive in light of the factual circumstances facing Defendants. In light of this uncertainty, the court cannot conclude as a matter of law that any of the Defendants are liable for failing to intervene because the court cannot conclude that the risk posed to DeLeon by the use of force was excessive. *See id.* at 367. Accordingly, the court will deny DeLeon's motion for summary judgment with respect to the failure to intervene claim.

12

## VI.   CONCLUSION

For the foregoing reasons, DeLeon's motions for summary judgment and motions to time bar Defendants (Doc. Nos. 109, 115, 118-19) will be denied.  The court will schedule this case for trial.  The parties will additionally be required to indicate whether they wish to have the case referred to mediation.  Finally, the court will reconsider the previous denial of DeLeon's request for the appointment of counsel, conditionally appoint counsel for DeLeon, and refer this case to the Federal Bar Association's Pro Bono Committee for the purpose of obtaining counsel to represent DeLeon.  An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: December 6, 2023